UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL OCTAVIO VARGAS,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 5:17-cv-01494-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Ismael Octavio Vargas ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 8, 10] and briefs addressing disputed issues in the case [Dkt. 19 ("Pltf.'s Br."), Dkt. 20 ("Def.'s Br."), and Dkt. 23 ("Pltf.'s Non Rep.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons set forth below, the Court affirms the decision of the ALJ and orders judgment entered accordingly.

/ / /

/ / /

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On August 28, 2013 and September 10, 2013, Plaintiff filed applications for DIB and SSI, respectively. In both applications, Plaintiff alleged disability as of August 14, 2012. [Dkt. 13, Administrative Record ("AR") 21, 173-190.] Plaintiff's applications were denied at the initial level of review on December 12, 2013 and on reconsideration on January 31, 2014. [AR 21, 60-93.] A hearing was held before Administrative Law Judge Helen E. Hesse ("ALJ") on March 15, 2016. [AR 36-59.] In a decision dated April 1, 2016, the ALJ determined that Plaintiff was disabled for the closed period from August 14, 2012 through December 31, 2013, and that medical improvement occurred and Plaintiff's disability ended on January 1, 2014. [AR 21-35.]

In determining that Plaintiff was disabled for the closed period, the ALJ made the following findings. At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since August 14, 2012, the alleged onset date. [AR 25.] At step two, the ALJ concluded that Plaintiff suffered from the following severe impairments: L4-5 spondylolisthesis, status-post posterior laminectomy, fusion and fixation, and obesity. [*Id.*] The ALJ determined that Plaintiff's severe impairments met the criteria of section 1.04A of 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") from August 14, 2012 through December 31, 2013. [AR 25-27]; *see* 20 C.F.R. § 404.1520(d). 404.1525, 404.1526, 416.920(d), 416.925, 416.926.

Next, the ALJ applied the medical improvement regulations in determining that Plaintiff's period of disability had ended. [AR 27-28]; *see* 20 C.F.R. § 404.1594, 416.994(b)(1)(i).[1] The ALJ found that Plaintiff's impairments did not

---

[1] The Commissioner has established an eight-step sequential evaluation process for determining whether a claimant's impairments have sufficiently improved to warrant cessation of benefits. *See* 20 C.F.R § 404.1594(f). The eight steps are as follows: (1) whether the claimant is engaged in substantial gainful activity; (2)

meet or medically equal the severity of one of the impairments in the Listings since January 1, 2014. [AR 27.] The ALJ found that medical improvement occurred on January 1, 2014, and the medical improvement was related to Plaintiff's ability to work. [*Id.*] The ALJ found that as of January 1, 2014, Plaintiff had the same severe impairments that he had from August 14, 2012 to December 31, 2013. [*Id.*] The ALJ found that beginning on January 1, 2014, Plaintiff had the residual functional capacity ("RFC") to perform the following:

> a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) and SSR 83-10 specifically…[Plaintiff] can sit six hours out of an eight-hour workday and stand and/or walk for six hours in an eight-hour workday with normal breaks; he can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can occasionally climb stairs, bend, balance, stoop, kneel, or crouch; he is precluded from crawling, working at unprotected heights and climbing ladders, ropes and scaffolds.

[AR 28.]

The ALJ determined that Plaintiff was able to perform his past relevant work as an account clerk, dispatcher, office manager, skip tracer, and file clerk (as generally performed) since January 1, 2014. [AR 29-30.] Therefore, the ALJ concluded that Plaintiff's disability ended on December 31, 2013. [AR 30-31.]

The Appeals Council denied review of the ALJ's decision on June 9, 2017. [AR 1-6.] This action followed.

Plaintiff contends that: (1) the ALJ's finding that Plaintiff medically

---

whether the claimant has an impairment or combination of impairments that meets or equals a listed impairment; (3) whether medical improvement has occurred; (4) whether the medical improvement is related to the claimant's ability to work; (5) whether any exception to the medical improvement standards apply; (6) whether the claimant's current impairments in combination are severe; (7) whether the claimant can perform past relevant work with the claimant's current RFC; and (8) whether the claimant can perform other work existing in significant numbers in the national economy given the claimant's RFC, age, education, and past work experience. *Id.*

3

improved by January 1, 2014 failed to adequately account for all of the medical evidence; and (2) the ALJ failed to properly evaluate Plaintiff's testimony. [Pltf.'s Br. at 1-18.] Plaintiff requests reversal and remand for further administrative proceedings. [Pltf.'s Br. at 18.] The Commissioner asserts that the ALJ's decision should be affirmed. [Def.'s Br. at 13.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

**A. The ALJ's Finding of Medical Improvement Is Supported By Substantial Evidence.**

Plaintiff first contends that the ALJ's finding that Plaintiff medically improved as of January 1, 2014 is not supported by the record. [Pltf.'s Br. at 2-11.] Plaintiff underwent a lumbar laminectomy and fusion surgery on December 12, 2012. [AR 288292.] The Court finds that the ALJ cited to substantial evidence to show that Plaintiff's medical impairments began improving four months after the surgery (although he continued to have back pain and use a cane for a year after the surgery). [AR 26, 315.] Less than two months after his surgery (and eleven months before the ALJ found that Plaintiff had recovered enough to not be disabled), a January 31, 2013 treatment note indicated that Plaintiff's "[p]ain ha[d] improved since after surgery" and x-rays confirmed that he was recovering well. [AR 315, 327, 330, 370, 661.] Post-surgery, Plaintiff relied on medication to manage his pain

4

and reported that his "[f]unctioning [had] improved." [*See* AR 494 – July 8, 2014 treatment note – "Helpful treatments: Norco, baclofel;" AR 661– February 2015 note – "Functioning improved."). On November 15, 2013, Plaintiff reported no musculoskeletal symptoms and declined a musculoskeletal examination. [AR 337.]

On November 19, 2013, Herman R. Schoene, M.D., examined Plaintiff and reported that Plaintiff "arises from the sitting position without difficulty, and his gait is normal." [AR 344.] In addition, his straight leg test was negative, Plaintiff demonstrated no limitations in range of motion in his upper and lower extremities, and no evidence of swelling, inflammation, tenderness, muscle atrophy, or spasm. [AR 344-345.] Dr. Schoene found that Plaintiff's strength was within normal limits and opined that Plaintiff could perform light work with occasional postural functioning. [AR 347.]

Furthermore, examination results after January 2014 continue to reflect negative straight leg tests, normal and equal strength in both legs, symmetrical deep tendon reflexes, and intact sensation. [AR 493.] In fact, the only objective finding that Plaintiff cites after January 2014 is an MRI taken on June 24, 2014. [Pltf.'s Br. at 7-8 (citing AR 455-461).] The MRI showed some central/dorsal clumping and mild to moderate findings at L4/L5 but also showed "[o]verall improved alignment with resolution of listhesus at L3 on L4 and L5 levels. Additional improved/decreased neural foraminal narrowing at the L3/L4 and L4/L5 levels." [AR 460.] After reviewing the MRI findings, Matthew Thomas Huey, M.D., recommended that Plaintiff receive physical therapy. [AR 470.] Dr. Huey referred Plaintiff to the Integrated Pain Management Program at Kaiser that include treatment with a psychologist, physical therapist, medication management, and cognitive behavioral therapy and rehabilitation. [AR 536.] Plaintiff declined to participate in the program, stating that the clinic is too far away. [*Id.*]

On July 25, 2014, Shayah Ur Rahman, M.D., examined Plaintiff and reported that Plaintiff had normal motor skills, normal sensation, normal strength, normal

reflexes, and normal gait. [AR 548.] Dr. Rahman recommended "continued conservative care for [Plaintiff's] back pain." [*Id.*] Plaintiff stopped attending physical therapy in October 2014. [AR 603.]

On September 24, 2014, Plaintiff told Dr. Vimal Babubhai, M.D., that gabapentin was working well for him. [AR 627.] Dr. Babubhai noted that Plaintiff's "review of systems" was negative and his physical exam was normal. [*Id.*] Dr. Babubhai saw Plaintiff again on February 19, 2015 and Plaintiff reported that his "[f]unctioning improved." [AR 661.] Dr. Babubhai reported again on June 16, 2015 that Plaintiff's physical exam was normal. [AR 702.]

Plaintiff first contends that "[t]he ALJ's suggestion that subsequent to January 1, 2014 Plaintiff only received conservative treatment, is simply a reflection of the fact that Plaintiff lost his insurance subsequent to termination of his employment in 2013…and he began treating with Kaiser Permanente in 2014." [Pltf.'s Br. at 6.] Plaintiff contends that doctors at Kaiser Permanente had "a more conservative approach" toward treatment of Plaintiff's impairments." [*Id.*] However, Plaintiff glosses over the fact that a consultative examiner and medical expert that are unrelated to Kaiser also opined that Plaintiff could perform light work since January 1, 2014. [AR 40-43, 342-347.] Accordingly, Plaintiff's argument is without merit.

Plaintiff next contends that the ALJ failed to properly consider Dr. Gray's treatment note from June 2013. [Pltf.'s Br. at 9-10.] However, the ALJ found Plaintiff fully disabled at the time of Dr. Gray's opinion, and, indeed, for six months following his opinion. [AR 23.] Thus, any error with respect to the weight accorded to Dr. Gray's June 2013 opinion would not affect the ultimate disability determination for this time period, and, thus, is harmless error. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (holding that an ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion").

Lastly, Plaintiff argues that the ALJ did not afford proper weight to Dr.

Huey's June 8, 2014 statement that "[g]iven his complaints of pain, it is difficult to envision [Plaintiff] working and he is now seeking social security disability." [AR 494; *see also* Pltf.'s Br. at 10.] As the Commissioner correctly points out, Dr. Huey's statement does not describe any medical judgment regarding the nature or severity of Plaintiff's impairments, and, therefore, is not a proper medical opinion. *See* 20 C.F.R. §§ 404/1527, 416.927 (defining "medical opinions" as "statements from physicians and psychologists that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis, and prognosis, what you can still do despite impairment(s), and your physical and mental restrictions"). Moreover, Dr. Huey's statement contradicts his own examination, which showed negative straight leg raising, intact sensation, symmetrical tendon reflexes, and normal and equal strength of legs. [AR 493.]

Accordingly, the ALJ's finding of medical improvement is supported by substantial evidence. This issue does not warrant remand.

### B. The ALJ Provided At Least One Clear and Convincing Reasons For The Credibility Determination.

Plaintiff next contends that the ALJ erred in discounting Plaintiff's testimony about his symptoms from January 1, 2014 to the date of the hearing. [Pltf.'s Br. at 11-18.]

Plaintiff testified at the hearing that he continued to experience back pain on a daily basis. [AR 28.] He stated that he must lay down intermittently throughout a typical day to alleviate pain because his pain medications are not effective. [*Id.*]

Because there is no allegation of malingering and the ALJ found that "claimant's medically determinable impairments could reasonably be expected to produce alleged symptoms" [AR 28], the ALJ's reasons must be clear and convincing. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record,"

7

the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted).

Here, the ALJ gave two clear reasons to reject Plaintiff's credibility: (1) Plaintiff's conservative medical treatment since January 2014; and (2) inconsistencies between the objective medical evidence and Plaintiff's symptom testimony. [AR 28-29.]

In his brief, Plaintiff attacks only the second of these reasons—that Plaintiff's testimony was inconsistent with the medical record—as insufficient bases for the adverse credibility determination. [Pltf.'s Br. at 11-18.] The additional reason set forth by the ALJ is not even mentioned by Plaintiff. The Commissioner addressed the ALJ's consideration of Plaintiff's effective conservative treatment in its discussion of Plaintiff's credibility, but Plaintiff chose not to address the Commissioner's argument and instead filed a statement of non-reply. [*See* Pltf.'s Non Reply at 1.] As discussed above, Plaintiff reported improvement in his pain symptoms with medication post-surgery despite not being consistent attending physical therapy or pain management programs. [AR 315, 492, 661.] The Court finds that Plaintiff's conservative treatment despite his allegedly disabling symptomatology is a clear, convincing, (and undisputed) reason for discounting Plaintiff's testimony. The Court's analysis could end here.

The ALJ also discounted Plaintiff's credibility because she found Plaintiff's testimony inconsistent with the medical record. [AR 28-29.] "While subjective pain testimony cannot be rejected on the *sole ground* that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9the Cir. 2001) (internal citation omitted) (emphasis added). Here, the objective medical evidence is one of two reasons the ALJ gave to

8

discount Plaintiff's credibility (Plaintiff does not dispute that the first reason as discussed *supra*).

As the ALJ noted, Plaintiff testified that even after January 1, 2014, he had to lay down for half of the day and could only get up for forty-five minutes before needing to lay down again because of pain. [AR 52, 56.] He stated that he was "definitely" in worse condition at the hearing in March 2016 than he was before his surgery in 2012. [AR 52, 54.] However, Plaintiff's testimony was undermined by the multitude of medical evidence, discussed above, indicating that Plaintiff's symptoms were improving post-surgery. [*See e.g.,* AR 315 – February 2013 – ("Pain has improved since after surgery"); AR 661 – February 2015 – ("Functioning improved"). Thus, the ALJ properly found that Plaintiff's testimony was inconsistent with the medical evidence. This issue also does not warrant remand.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS ORDERED.**

DATED: August 29, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE